# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18-2735 |
| v. | ) |
| | ) |
| **NINE THOUSAND DOLLARS** | ) |
| **($9,000.00) IN UNITED STATES** | ) |
| **CURRENCY,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

This civil forfeiture case is before the Court on two motions. The first motion is Claimant Arguess Baker's December 21, 2018 Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) The United States of America (the "Government") responded on February 19, 2019.[1] (ECF No. 19.) The second motion is the Government's February 19, 2019 Motion for Leave to Amend the Complaint. (ECF No. 18.) Baker has not responded, and the time to do so has passed. See L.R. 7.2(a)(2).

---

[1] This matter was temporarily stayed during the recent government shutdown. See In re: Stay of Civil Proceedings in the U.S. Dist. Ct. for the W. Dist. of Tenn. in the Absence of an Appropriation Bill or Continuing Resolution by the U.S. Cong., 2:18-mc-00051-STA (W.D. Tenn. Dec. 28, 2018). The Government's response is timely.

For the following reasons, the Government's Motion to Amend is GRANTED. Baker's Motion to Dismiss is DENIED AS MOOT.

The Government seeks leave to amend the complaint to add an additional basis of forfeiture under 21 U.S.C. § 881(a)(6), alleging that the claimed currency was the proceeds of cocaine trafficking. (ECF No. 18; ECF No. 18-1 ¶ 20.) A plaintiff may amend his complaint once as of right within twenty-one days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a).[2] Because the Government's Motion to Amend was filed more than twenty-one days after Baker's Motion to Dismiss, the Government must seek leave of the Court to amend its Complaint.

Under Rule 15(a)(2), leave to amend should be freely given when justice requires. Leave to amend may be denied when it would result in "undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." Phelps v. McClellan, 30 F.3d 658, 662–63 (6th Cir. 1994). Delay alone, without prejudice, is not a sufficient basis to deny a motion to amend. Reed v. Speck, 508 F. App'x 415, 422 (6th Cir. 2012). Granting the Government's motion will not result in prejudice to Baker or undue delay. The Government's Motion to Amend is GRANTED.

---

[2] "[T]he Federal Rules of Civil Procedure apply in forfeiture proceedings to the extent that they are not inconsistent with" the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P. Supp. R. A(2).

2

When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000). "Only in the rare case, where the amended complaint is substantially identical to the original complaint, may a properly filed amended complaint be insufficient to moot the motion to dismiss." Mata-Cellular v. Tenn. Dep't of Safety, No. 3:10-0619, 2010 WL 3122635, at *2 (M.D. Tenn. Aug. 6, 2010) (internal quotation marks omitted); Bates v. Quadrel Labeling Sys., No. 09-CV-2821, 2010 WL 5342954, at *2 (N.D. Ohio Dec. 21, 2010) (denying motion to dismiss as moot because amended complaint more fully articulated factual allegations against defendant). Because the Government's Amended Complaint alleges a new factual basis for forfeiture, Baker's Motion to Dismiss is DENIED AS MOOT.

For the foregoing reasons, the Government's Motion to Amend is GRANTED. Baker's Motion to Dismiss is DENIED AS MOOT.

So ordered this 2nd day of April, 2019.

                    /s/ *Samuel H. Mays, Jr.*
                    Samuel H. Mays, Jr.
                    UNITED STATES DISTRICT JUDGE